# EXHIBIT
# A

FILED
9/24/2025 9:54 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09835
Calendar, 8
34588761

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

ELI GRATZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ARCADIA POWER, INC.,

Defendant.

Case No.: 2025CH09835

**CLASS ACTION COMPLAINT FOR VIOLATION OF:**

(1) Telephone Consumer Protection Act; 47 U.S.C. § 227, *et seq.*

## COMPLAINT

Plaintiff Eli Gratz brings this class action, individually and on behalf of all others similarly situated, against Defendant Arcadia Power, Inc. ("Arcadia"). Plaintiff makes the following allegations upon personal knowledge as to his own acts and upon information and belief and his attorneys' investigation as to all other matters:

## INTRODUCTION

1. In 2007, Eli Gratz registered his personal cellular telephone number with the National Do-Not-Call Registry. Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, it is illegal for a company to make telemarketing calls to that number.

2. Nevertheless, Arcadia Power, Inc. ("Arcadia") made several unwanted, unsolicited telemarketing calls to Plaintiff's cellular telephone number in December of 2024. If Arcadia had checked the National Do-Not-Call Registry every 31 days as

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

required by law, it would have discovered that it could not lawfully make telephone solicitations to Plaintiff. All the same, it did.

3. Plaintiff now brings this action, individually and on behalf of all others similarly situated, seeking statutory damages and injunctive relief against Arcadia.

**PARTIES**

4. Plaintiff Eli Gratz is a resident of the State of Illinois and resides in Cook County.

5. Defendant Arcadia Power, Inc. is a Delaware corporation with its headquarters and principal place of business at 5600 South Quebec Street, Greenwood Village, Colorado 80111.

**JURISDICTION AND VENUE**

6. This Court has personal jurisdiction over the parties pursuant to 735 ILCS 5/2-209(a)(1)-(2), (b)(4), and (c) because Plaintiff was a resident of Cook County of Illinois at all relevant times, and the events giving rise to the claims asserted herein occurred in Cook County, Illinois.

7. Specifically, Defendant knowingly placed the telemarketing calls at issue in this suit to Plaintiff in Illinois. Further, in these calls, Defendant's telemarketer asserted that Arcadia had been "assigned to [Plaintiff's] area." By contacting Plaintiff in Illinois in this way, Defendant knowingly availed itself of the laws of Illinois, conducted business in Illinois, and has sufficient minimum contacts with Illinois to support personal jurisdiction.

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

8. Venue is proper pursuant to 735 ILCS 5/2-101 because Defendant conducts business in this county and a substantial part of the events giving rise to the claims asserted herein occurred in this county. Specifically, Defendant placed illegal telemarketing calls to Plaintiff and other class members while they were within the geographic area of this county.

## APPLICABLE LAW

### *The Telephone Consumer Protection Act and Federal Regulations*

9. For decades, federal law has prevented telemarketers from bothering Americans with unwanted telephone calls and messages. The Telephone Consumer Protection Act ("TCPA") authorizes the Federal Communications Commission to protect the privacy rights of residential telephone subscribers. 47 U.S.C. § 227(c)(1).

10. The TCPA specifically authorizes the FCC to create a National Do-Not-Call Registry and to prohibit telephone solicitations to phone numbers listed on that registry. 47 U.S.C. § 227(c)(3)(F).

11. The FCC has indeed created such a registry. Under the Code of Federal Regulations, no business is permitted to make telemarketing calls to residential telephone subscribers who register their number. The Code states:

> (c) No person or entity shall initiate any telephone solicitation to: …
>
> > (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. § 64.1200 (c)(2).

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

12. Telemarketers like Arcadia are required to scrub their call lists against the Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv). Federal regulations also require telemarketers to keep their own internal do-not-call registries. *See* 47 C.F.R § 64.1200(d). Once a call recipient asks a company to place their number on their internal do-not-call registry, a company has no more than 30 days from the date of the request to do so. *See* 16 C.F.R. § 310.4(d)(3).

13. When a company ignores the TCPA and the rights it gives to the recipients of unwanted calls, the TCPA gives those recipients a private right of action. 47 U.S.C. § 227(c)(5). Specifically, "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring suit. *Id.* This right of action permits recovery of actual damages or $500 per violation, whichever is greater. 47 U.S.C. § 227(c)(5)(B). Where a defendant "willfully or knowingly" violates the regulations in § 64.1200(c), damages may be increased by three times. 47 U.S.C. § 227(c)(5)(C).

14. The TCPA does not permit a solicitor to avoid compliance merely by hiring a third party to make telephone solicitations for it. The text of the TCPA expressly provides that "[a] person who has received more than one telephone call within any 12-month period by *or on behalf of the same entity* in violation of the regulations prescribed under this subsection may," bring a private action. 47 U.S.C. § 227(c)(5) (emphasis added).

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

15. The FCC has further explained that the TCPA and accompanying regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Or. 10 FCC, Rcd. 12391, 12397 ¶ 13 (1995).

## FACTUAL ALLEGATIONS

### *Arcadia's business model violates the TCPA.*

16. Plaintiff placed his cellular phone number (XXX) XXX-4609 with the National Do-Not-Call Registry on October 17, 2007.

17. Plaintiff's cell phone number is his personal, residential line and it is subscribed under a personal plan with Mint Mobile.

18. Arcadia is an energy technology company that markets its services by making telemarketing cold-calls to people around the country.

19. In December of 2024, Arcadia began making phone calls to Plaintiff's cellular phone number. Each call came from the number (302) 336-7229.

20. In total, Plaintiff received five calls from Arcadia to his cellular phone number, one each on the following dates: December 2, 2024; December 3, 2024; December 10, 2024; December 13, 2024; and December 17, 2024.

21. During the calls, a telemarketer informed Plaintiff that "our company Arcadia" had been "assigned" to Plaintiff's area and offered Arcadia's "clean energy program" with a credit "up to 15%" to Plaintiff's energy bill.

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

22. During at least one of the calls, the Arcadia telemarketer stated he was "Mark with Arcadia" and asked to speak to Plaintiff by his personal name. Based on this language, Arcadia's telemarketing calls were plainly telephonic solicitations made with the purpose of encouraging Plaintiff to purchase Arcadia's services.

23. Furthermore, because the telemarketers made reference to "our company" or introduced themselves as being "with Arcadia[,]" the calls were plainly made on behalf of Arcadia.

24. During the December 17, 2024 call, Plaintiff asked the telemarketer to place his cellular phone number on Arcadia's internal do-not-call registry. After that point, Plaintiff received no further calls. Clearly, then, Arcadia understood that Plaintiff's cellular phone number was eligible for protection under the TCPA when Plaintiff requested to be placed on Arcadia's internal do-not-call list. *See* 47 C.F.R § 64.1200(d) (requiring internal registries of residential subscribers). More to the point, by making no further calls to Plaintiff, Arcadia clearly understood it was required to comply with the TCPA.

25. But, despite having that knowledge, Arcadia failed to scrub Plaintiff's cellular phone number against the National Do-Not-Call Registry before calling him in the first place. Had Arcadia followed the law and done so, it would have discovered that Plaintiff's cellular number was on the National Registry and could not lawfully be called at all. Instead, Arcadia willfully and knowingly failed to scrub

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

Plaintiff's number and willfully called him knowing it had not done so despite the TCPA's requirements.

26. As a result, Arcadia violated the TCPA by making a telemarketing call to Plaintiff's cellular phone number when it had been on the National Do-Not-Call Registry for more than 31 days.

27. Plaintiff was never an Arcadia customer or had any other kind of established business relationship with Arcadia.

28. Because Arcadia made repeated calls to Plaintiff during which representatives recited a prepared solicitation, it is clear that Arcadia routinely makes telemarketing calls as a method to generate sales. Therefore, there are certainly many thousands of other persons in Illinois and around the United States who have received telephone solicitations from Arcadia despite having registered their cellular phone numbers with the National Do-Not-Call Registry, yet continued to receive calls.

29. Arcadia's illegal telemarketing calls were an intrusive violation of his privacy. Each unwanted call violated his reasonable expectation that persons calling his cellular telephone number would follow the law and respect the National Do-Not-Call Registry. Spending time speaking with telemarketers despite this reasonable expectation was an invasion of privacy and an annoying waste of time, phone storage, and battery life.

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to 735 ILCS 5/2-801, and all other applicable laws and rules, both individually and on behalf of two classes of persons defined as follows:

> All residential telephone subscribers who received more than one telephone solicitation made by or on behalf of Arcadia in a 12-month period, where such calls were made more than 31 days after the subscriber's telephone number was registered with the National Do-Not-Call Registry, and where the subscriber had no established business relationship with Arcadia (the "Class").

31. Defendants and their officers, directors, and employees, and any judge who may preside over this case and that judge's family are excluded from the Class.

32. The Class includes thousands of residential telephone subscribers who received multiple telephone solicitations from Arcadia in a year, even 31 days after registering the relevant phone number with the National Do-Not-Call Registry. The members of the Class are so numerous that joinder of them all is impracticable. The exact number of class members is unknown, but can be determined through Defendant's records.

33. Plaintiff's claim is typical of the claims of the class because they were all residential telephone subscribers who received annoying, intrusive telephone solicitations to numbers that had been registered with the National Do-Not-Call Registry for the 31-day period.

34. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff's interests do not conflict with any members of the Class and

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

Plaintiff will prosecute the action vigorously. To that end, Plaintiff has retained competent counsel with experience in complex class action litigation.

35. There is a community of interest among class members, because there are common questions of fact and law that predominate over any individual issues for the Class. These common questions include:

a. Whether Arcadia's telemarketing calls constituted telephone solicitations under the TCPA;

b. Whether Plaintiff and class members received more than one telephone solicitation from Arcadia in a 12-month period after having registered the telephone number that received the solicitation with the National Do-Not-Call Registry for over 31 days;

c. Whether Arcadia willfully and knowingly violated the National Do-Not-Call Registry.

36. A class action is superior to any other means for the fair and efficient adjudication of this controversy. The damages suffered by Plaintiff and class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for class members to individually seek redress for Defendant's illegal conduct. To do so would require thousands of individual cases, consuming judicial resources, and potentially resulting in inconsistent or contradictory judgments. By contrast, class treatment promises the conclusion of all claims in one manageable proceeding.

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

## CAUSE OF ACTION

## COUNT I
***Against***
**ARCADIA POWER, INC.**
**Violation of 47 U.S.C. 227 (c)**
**BY PLAINTIFF ON BEHALF OF THE CLASS**

37. Plaintiff incorporates all prior paragraphs as if fully alleged herein.

38. Plaintiff, like all class members, received telemarketing calls made by or on behalf of Arcadia promoting the sale of Arcadia's services.

39. Plaintiff and class members received more than one such call during a 12-month period.

40. At the time Arcadia's telemarketing calls were received, Plaintiff and class members had registered the phone numbers on which they received the telemarketing calls with National Do-Not-Call Registry for more than 31 days.

41. None of Plaintiff or class members had an established business relationship with Arcadia or invited Arcadia to make a telemarketing call to them. By virtue of the foregoing, Arcadia has violated 47 U.S.C § 227(c) with respect to Plaintiff and class members.

42. Under 47 U.S.C. § 227(c)(5), Plaintiff and each class member may recover $500 in statutory damages from Arcadia for each violation.

43. Furthermore, because Arcadia willfully and knowingly violated the TCPA, this court should increase the statutory damages for each violation to $1,500.

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

44. Finally, pursuant to 47 U.S.C. § 227 (c)(5)(A), Plaintiff and the class members seek injunctive relief that prohibits Defendants from committing more violations of the TCPA in the future.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in their favor and against Defendant as follows:

a. Enter an Order certifying this action as a class action and designating Plaintiff as representative of the Class and Plaintiff's counsel as Class Counsel;

b. Grant permanent injunctive relief enjoining Defendant from further violations of the TCPA and its associated federal regulations;

c. Award monetary relief to Plaintiff and class members in the amount of $500 per violation, trebled to $1,500 per violation;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees and costs to Plaintiff's counsel; and

f. Grant such further relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff and the Class demand a trial by jury on all issues that may be tried and decided by a jury.

FILED DATE: 9/24/2025 9:54 AM 2025CH09835

Dated: September 24, 2025

Respectfully submitted,

_______/s/ Jacie C. Zolna______

Jacie C. Zolna
Benjamin R. Swetland
Zolna Swetland, LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Tel: (312) 724-8474
jzolna@zolnaswetland.com
bswetland@zolnaswetland.com
*Counsel for Plaintiff and the Class*