IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ELI GRATZ**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**ARCADIA POWER, INC.,**<br><br>*Defendant*. | Case No. 25-CV-13349<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Judge Jeffrey T. Gilbert |

## DEFENDANT ARCADIA POWER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Arcadia Power, Inc. ("Arcadia" or "Defendant"), by and through its attorneys, Duane Morris LLP, for its Answer to Plaintiff Eli Gratz's ("Plaintiff" or "Gratz") Class Action Complaint hereby states as follows:

### INTRODUCTION

1. In 2007, Eli Gratz registered his personal cellular telephone number with the National Do-Not-Call Registry. Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, it is illegal for a company to make telemarketing calls to that number.

**ANSWER:** Arcadia lacks sufficient knowledge to form a belief as to whether, in 2007, Plaintiff registered his personal cellular telephone number with the National Do-Not-Call Registry. The remainder of Paragraph 1 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies any remaining allegations in Paragraph 1 of the Complaint.

2. Nevertheless, Arcadia Power, Inc. ("Arcadia") made several unwanted, unsolicited telemarketing calls to Plaintiff's cellular telephone number in December of 2024. If Arcadia had checked the National Do-Not-Call Registry every 31 days as required by law, it would have discovered that it could not lawfully make telephone solicitations to Plaintiff. All the same, it did.

- 1 -

**ANSWER:** Arcadia denies the allegations contained in Paragraph 2 of the Complaint.

3. Plaintiff now brings this action, individually and on behalf of all others similarly situated, seeking statutory damages and injunctive relief against Arcadia.

**ANSWER:** Arcadia admits that Plaintiff purports to seek statutory damages and injunctive relief against Arcadia on behalf of himself and others. Arcadia denies Plaintiff is entitled to statutory damages or injunctive relief, denies it violated the Telephone Consumer Protection Act (the "TCPA"), denies that Plaintiff may maintain this action on a class-wide basis, and denies that Plaintiff may properly represent others. The remainder of Paragraph 3 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies any remaining allegations in Paragraph 3 of the Complaint.

## PARTIES

4. Plaintiff Eli Gratz is a resident of the State of Illinois and resides in Cook County.

**ANSWER:** Arcadia lacks sufficient knowledge to form a belief as to the location of Plaintiff's residence. Arcadia denies any remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant Arcadia Power, Inc. is a Delaware corporation with its headquarters and principal place of business at 5600 South Quebec Street, Greenwood Village, Colorado 80111.

**ANSWER:** Arcadia admits the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the parties pursuant to 735 ILCS 5/2-209(a)(1)-(2), (b)(4), and (c) because Plaintiff was a resident of Cook County of Illinois at all relevant times, and the events giving rise to the claims asserted herein occurred in Cook County, Illinois.

**ANSWER:** Arcadia lacks sufficient knowledge to form a belief as to the location of Plaintiff's residence. Arcadia denies the events giving rise to the claims asserted herein occurred

in Cook County, Illinois. The remainder of Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies any remaining allegations in Paragraph 6 of the Complaint.

7. Specifically, Defendant knowingly placed the telemarketing calls at issue in this suit to Plaintiff in Illinois. Further, in these calls, Defendant's telemarketer asserted that Arcadia had been "assigned to [Plaintiff's] area." By contacting Plaintiff in Illinois in this way, Defendant knowingly availed itself of the laws of Illinois, conducted business in Illinois, and has sufficient minimum contacts with Illinois to support personal jurisdiction.

**ANSWER:** Arcadia denies the allegations contained in Paragraph 7 of the Complaint.

8. Venue is proper pursuant to 735 ILCS 5/2-101 because Defendant conducts business in this county and a substantial part of the events giving rise to the claims asserted herein occurred in this county. Specifically, Defendant placed illegal telemarketing calls to Plaintiff and other class members while they were within the geographic area of this county.

**ANSWER:** Paragraph 8 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 8 of the Complaint.

## APPLICABLE LAW

### *The Telephone Consumer Protection Act and Federal Regulations*

9. For decades, federal law has prevented telemarketers from bothering Americans with unwanted telephone calls and messages. The Telephone Consumer Protection Act ("TCPA") authorizes the Federal Communications Commission to protect the privacy rights of residential telephone subscribers. 47 U.S.C. § 227(c)(1).

**ANSWER:** Paragraph 9 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 9 of the Complaint.

10. The TCPA specifically authorizes the FCC to create a National Do-Not-Call Registry and to prohibit telephone solicitations to phone numbers listed on that registry. 47 U.S.C. § 227(c)(3)(F).

- 3 -

**ANSWER:** Paragraph 10 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 10 of the Complaint.

11. The FCC has indeed created such a registry. Under the Code of Federal Regulations, no business is permitted to make telemarketing calls to residential telephone subscribers who register their number. The Code states:

(c) No person or entity shall initiate any telephone solicitation to: . . .

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. § 64.1200 (c)(2).

**ANSWER:** Paragraph 11 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 11 of the Complaint.

12. Telemarketers like Arcadia are required to scrub their call lists against the Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv). Federal regulations also require telemarketers to keep their own internal do-not-call registries. *See* 47 C.F.R § 64.1200(d). Once a call recipient asks a company to place their number on their internal do-not-call registry, a company has no more than 30 days from the date of the request to do so. *See* 16 C.F.R. § 310.4(d)(3).

**ANSWER:** Paragraph 12 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 12 of the Complaint.

13. When a company ignores the TCPA and the rights it gives to the recipients of unwanted calls, the TCPA gives those recipients a private right of action. 47 U.S.C. § 227(c)(5). Specifically, "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring suit. *Id.* This right of action permits recovery of actual damages or $500 per violation, whichever is greater. 47 U.S.C. § 227(c)(5)(B). Where a defendant "willfully or

- 4 -

knowingly" violates the regulations in § 64.1200(c), damages may be increased by three times. 47 U.S.C. § 227(c)(5)(C).

**ANSWER:** Paragraph 13 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 13 of the Complaint.

14. The TCPA does not permit a solicitor to avoid compliance merely by hiring a third party to make telephone solicitations for it. The text of the TCPA expressly provides that "[a] person who has received more than one telephone call within any 12-month period by *or on behalf of the same entity* in violation of the regulations prescribed under this subsection may," bring a private action. 47 U.S.C. § 227(c)(5) (emphasis added).

**ANSWER:** Paragraph 14 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 14 of the Complaint.

15. The FCC has further explained that the TCPA and accompanying regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Or. 10 FCC, Rcd. 12391, 12397 ¶ 13 (1995).

**ANSWER:** Paragraph 15 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

### *Arcadia's business model violates the TCPA.*

16. Plaintiff placed his cellular phone number (XXX) XXX-4609 with the National Do-Not-Call Registry on October 17, 2007.

**ANSWER:** Arcadia lacks sufficient knowledge to form a belief as to whether Plaintiff placed a cellular phone number (XXX) XXX-4609 on the National Do-Not-Call Registry on

October 17, 2007. Arcadia denies any remaining allegations contained in Paragraph 16 of the Complaint.

17. Plaintiff's cell phone number is his personal, residential line and it is subscribed under a personal plan with Mint Mobile.

**ANSWER:** Arcadia lacks sufficient knowledge to form a belief to whether Plaintiff's cell phone number is subscribed under a personal plan with Mint Mobile. The remainder of Paragraph 17 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies any remaining allegations in Paragraph 17 of the Complaint.

18. Arcadia is an energy technology company that markets its services by making telemarketing cold-calls to people around the country.

**ANSWER:** Arcadia admits it is an energy company. The remainder of Paragraph 18 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies any remaining allegations in Paragraph 18 of the Complaint.

19. In December of 2024, Arcadia began making phone calls to Plaintiff's cellular phone number. Each call came from the number (302) 336-7229.

**ANSWER:** Arcadia denies the allegations contained in Paragraph 19 of the Complaint.

20. In total, Plaintiff received five calls from Arcadia to his cellular phone number, one each on the following dates: December 2, 2024; December 3, 2024; December 10, 2024; December 13, 2024; and December 17, 2024.

**ANSWER:** Arcadia denies the allegations contained in Paragraph 20 of the Complaint.

21. During the calls, a telemarketer informed Plaintiff that "our company Arcadia" had been "assigned" to Plaintiff's area and offered Arcadia's "clean energy program" with a credit "up to 15%" to Plaintiff's energy bill.

**ANSWER:** Arcadia denies the allegations contained in Paragraph 21 of the Complaint.

22. During at least one of the calls, the Arcadia telemarketer stated he was "Mark with Arcadia" and asked to speak to Plaintiff by his personal name. Based on this language, Arcadia's

telemarketing calls were plainly telephonic solicitations made with the purpose of encouraging Plaintiff to purchase Arcadia's services.

**ANSWER:** Paragraph 22 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 22 of the Complaint.

23. Furthermore, because the telemarketers made reference to "our company" or introduced themselves as being "with Arcadia[,]" the calls were plainly made on behalf of Arcadia.

**ANSWER:** Paragraph 23 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 23 of the Complaint.

24. During the December 17, 2024 call, Plaintiff asked the telemarketer to place his cellular phone number on Arcadia's internal do-not-call registry. After that point, Plaintiff received no further calls. Clearly, then, Arcadia understood that Plaintiff's cellular phone number was eligible for protection under the TCPA when Plaintiff requested to be placed on Arcadia's internal do-not-call list. *See* 47 C.F.R § 64.1200(d) (requiring internal registries of residential subscribers). More to the point, by making no further calls to Plaintiff, Arcadia clearly understood it was required to comply with the TCPA.

**ANSWER:** Paragraph 24 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 24 of the Complaint.

25. But, despite having that knowledge, Arcadia failed to scrub Plaintiff's cellular phone number against the National Do-Not-Call Registry before calling him in the first place. Had Arcadia followed the law and done so, it would have discovered that Plaintiff's cellular number was on the National Registry and could not lawfully be called at all. Instead, Arcadia willfully and knowingly failed to scrub Plaintiff's number and willfully called him knowing it had not done so despite the TCPA's requirements.

**ANSWER:** Paragraph 25 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 25 of the Complaint.

26. As a result, Arcadia violated the TCPA by making a telemarketing call to Plaintiff's cellular phone number when it had been on the National Do-Not-Call Registry for more than 31 days.

**ANSWER:** Arcadia denies the allegations contained in Paragraph 26 of the Complaint.

27. Plaintiff was never an Arcadia customer or had any other kind of established business relationship with Arcadia.

**ANSWER:** Paragraph 27 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 27 of the Complaint.

28. Because Arcadia made repeated calls to Plaintiff during which representatives recited a prepared solicitation, it is clear that Arcadia routinely makes telemarketing calls as a method to generate sales. Therefore, there are certainly many thousands of other persons in Illinois and around the United States who have received telephone solicitations from Arcadia despite having registered their cellular phone numbers with the National Do-Not-Call Registry, yet continued to receive calls.

**ANSWER:** Paragraph 28 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 28 of the Complaint.

29. Arcadia's illegal telemarketing calls were an intrusive violation of his privacy. Each unwanted call violated his reasonable expectation that persons calling his cellular telephone number would follow the law and respect the National Do-Not-Call Registry. Spending time speaking with telemarketers despite this reasonable expectation was an invasion of privacy and an annoying waste of time, phone storage, and battery life.

**ANSWER:** Paragraph 29 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 29 of the Complaint.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action as a class action pursuant to 735 ILCS 5/2-801, and all other applicable laws and rules, both individually and on behalf of two classes of persons defined as follows:

> All residential telephone subscribers who received more than one telephone solicitation made by or on behalf of Arcadia in a 12-month period, where such calls were made more than 31 days after the subscriber's telephone number was registered with the National Do-Not-Call Registry, and where the subscriber had no established business relationship with Arcadia (the "Class").

**ANSWER:**     Arcadia admits that Plaintiff purports to bring suit on behalf of a putative class.  Arcadia denies that Plaintiff can maintain this action on a class-wide basis and denies that Plaintiff may properly represent others.  The remainder of Paragraph 30 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies any remaining allegations in Paragraph 30 of the Complaint.

31.     Defendants and their officers, directors, and employees, and any judge who may preside over this case and that judge's family are excluded from the Class.

**ANSWER:**     Paragraph 31 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 31 of the Complaint.

32.     The Class includes thousands of residential telephone subscribers who received multiple telephone solicitations from Arcadia in a year, even 31 days after registering the relevant phone number with the National Do-Not-Call Registry.  The members of the Class are so numerous that joinder of them all is impracticable.  The exact number of class members is unknown, but can be determined through Defendant's records.

**ANSWER:**     Paragraph 32 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 32 of the Complaint.

33.     Plaintiff's claim is typical of the claims of the class because they were all residential telephone subscribers who received annoying, intrusive telephone solicitations to numbers that had been registered with the National Do-Not-Call Registry for the 31-day period.

**ANSWER:**     Paragraph 33 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 33 of the Complaint.

34.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff's interests do not conflict with any members of the Class and Plaintiff will prosecute the action vigorously.  To that end, Plaintiff has retained competent counsel with experience in complex class action litigation.

**ANSWER:**     Paragraph 34 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 34 of the Complaint.

35.     There is a community of interest among class members, because there are common questions of fact and law that predominate over any individual issues for the Class.  These common questions include:

a.     Whether Arcadia's telemarketing calls constituted telephone solicitations under the TCPA;

b.     Whether Plaintiff and class members received more than one telephone solicitation from Arcadia in a 12-month period after having registered the telephone number that received the solicitation with the National Do-Not-Call Registry for over 31 days;

c.     Whether Arcadia willfully and knowingly violated the National Do-Not-Call Registry.

**ANSWER:**     Paragraph 35 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 35 of the Complaint.

36.     A class action is superior to any other means for the fair and efficient adjudication of this controversy.  The damages suffered by Plaintiff and class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for class members to individually seek redress for Defendant's illegal conduct.  To do so would require thousands of individual cases, consuming judicial resources, and potentially resulting in inconsistent or contradictory judgments.  By contrast, class treatment promises the conclusion of all claims in one manageable proceeding.

**ANSWER:**     Paragraph 36 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 36 of the Complaint.

## CAUSE OF ACTION

### COUNT I
*Against*
### ARCADIA POWER, INC.
### Violation of 47 U.S.C. 227(c)
### BY PLAINTIFF ON BEHALF OF THE CLASS

37.     Plaintiff incorporates all prior paragraphs as if fully alleged herein.

**ANSWER:**     Arcadia incorporates by reference its answers in Paragraphs 1-36 as if set forth fully herein.

38.     Plaintiff, like all class members, received telemarketing calls made by or on behalf of Arcadia promoting the sale of Arcadia's services.

**ANSWER:**     Paragraph 38 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 38 of the Complaint.

39.     Plaintiff and class members received more than one such call during a 12-month period.

**ANSWER:**     Paragraph 39 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 39 of the Complaint.

40.     At the time Arcadia's telemarketing calls were received, Plaintiff and class members had registered the phone numbers on which they received the telemarketing calls with National Do-Not-Call Registry for more than 31 days.

**ANSWER:**     Paragraph 40 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 40 of the Complaint.

41.     None of Plaintiff or class members had an established business relationship with Arcadia or invited Arcadia to make a telemarketing call to them.  By virtue of the foregoing, Arcadia has violated 47 U.S.C § 227(c) with respect to Plaintiff and class members.

**ANSWER:**     Paragraph 41 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 41 of the Complaint.

42.     Under 47 U.S.C. § 227(c)(5), Plaintiff and each class member may recover $500 in statutory damages from Arcadia for each violation.

**ANSWER:**     Paragraph 42 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 42 of the Complaint.

43.     Furthermore, because Arcadia willfully and knowingly violated the TCPA, this court should increase the statutory damages for each violation to $1,500.

**ANSWER:**     Paragraph 43 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Arcadia denies the allegations in Paragraph 43 of the Complaint.

44.     Finally, pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff and the class members seek injunctive relief that prohibits Defendants from committing more violations of the TCPA in the future.

**ANSWER:** Paragraph 44 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Arcadia denies the allegations in Paragraph 44 of the Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in their favor and against Defendant as follows:

a. Enter an Order certifying this action as a class action and designating Plaintiff as representative of the Class and Plaintiff's counsel as Class Counsel;

b. Grant permanent injunctive relief enjoining Defendant from further violations of the TCPA and its associated federal regulations;

c. Award monetary relief to Plaintiff and class members in the amount of $500 per violation, trebled to $1,500 per violation;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees and costs to Plaintiff's counsel; and

f. Grant such further relief as this Court deems appropriate.

**ANSWER:** Arcadia admits that Plaintiff purports to request relief as set forth in the Request for Relief. Arcadia denies that Plaintiff is entitled to any relief whatsoever and denies any remaining allegations set forth in Plaintiff's Request for Relief.

## JURY DEMAND

Plaintiff and the Class demand a trial by jury on all issues that may be tried and decided by a jury.

**ANSWER:** Arcadia admits that Plaintiff purports to demand a jury trial. Arcadia also demands a jury trial as to all issues so triable. Arcadia denies the remaining allegations contained in the Jury Demand of the Complaint.

## ANSWER TO REMAINDER OF COMPLAINT

Arcadia denies each and every allegation in the Complaint that has not been separately and specifically admitted.

## DEMAND FOR JURY TRIAL

Arcadia demands a trial by jury on all claims and issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Arcadia hereby states its Affirmative Defenses to Plaintiff's Class Action Complaint, without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff or any putative class members. Arcadia reserves the right to amend its answer and to assert any additional affirmative defenses as may become available or apparent during this litigation. For its affirmative defenses, Arcadia hereby states as follows:

### First Affirmative Defense
### (Lack of Personal Jurisdiction)

Plaintiff's claims should be dismissed for lack of personal jurisdiction, because Arcadia is neither headquartered in or incorporated under the laws of the State of Illinois, and because Arcadia did not avail itself of the protections of Illinois law. Further, this Court cannot certify a nationwide class against Arcadia because the Court would lack personal jurisdiction over Arcadia as to the claims of unnamed future putative class members.

### Second Affirmative Defense
### (No Class Certification)

This case may not be maintained as a class action because Plaintiff has not and cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23. Arcadia opposes class certification and disputes the propriety of class action treatment for reasons

- 14 -

that include, but are not limited to, the lack of commonality, predominance, superiority, adequacy, and typicality among Plaintiff and the putative class members. If the Court certifies a class action in this case over Arcadia's objections, then Arcadia asserts the affirmative defenses set forth herein against each member of any certified class.

**Third Affirmative Defense**
**(Consent / Established Business Relationship)**

Plaintiff's claim and/or those claims of any putative class members are barred by the doctrines of consent, prior express consent, prior express written consent, established business relationship, and/or all other similar concepts. Arcadia acted in good faith and had reasonable grounds for believing that it acted properly in its practices with respect to Plaintiff and/or the putative class members he seeks to represent.

**Fourth Affirmative Defense**
**(No Treble Damages)**

Neither Plaintiff nor any putative class member is entitled to statutory damages pursuant to the formula set forth in 47 U.S.C. § 227(c)(5), because Arcadia did not willfully or knowingly fail to comply with the relevant provisions of the TCPA.

**Fifth Affirmative Defense**
**(Safe Harbors)**

Plaintiff's claim and/or those claims of any putative class members are barred because Arcadia has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227.

**Sixth Affirmative Defense**
**(Residential Telephone Subscribers)**

Plaintiff and/or any potential class member's claims are barred to the extent that their telephone number is a business or non-residential telephone number.

**Seventh Affirmative Defense**
**(No Registration)**

Plaintiff and/or any potential class member's claims are barred to the extent that they did not register their number on the national do-not-call list or registry.

**Eighth Affirmative Defense**
**(Ratification/Acquiescence)**

Plaintiff and/or any putative class member's claims are barred because Plaintiff and the individuals he seeks to represent consented to, acquiesced in, and/or ratified through express or implied agreement the conduct of which they now complain.

**Ninth Affirmative Defense**
**(Statute of Limitations)**

To the extent that Plaintiff and/or any putative class member seeks recovery for any period beyond the statute of limitations period applicable to his or her claims, Plaintiff's claims and those of any putative class members are barred, in whole or in part.

**Tenth Affirmative Defense**
**(Arbitration Agreements)**

To the extent that Plaintiff and/or any putative class member's claims are subject to an arbitration agreement, Arcadia asserts that such claims cannot proceed in federal or state court.

**Eleventh Affirmative Defense**
**(Releases)**

To the extent that Plaintiff and/or any putative class member's claims are barred by a release, settlement agreement, and/or an agreement of any other kind, Arcadia asserts that such claims are barred.

**Twelfth Affirmative Defense**
**(Failure to Satisfy Condition Precedent)**

To the extent Plaintiff and/or putative class members failed to satisfy any conditions precedent that are necessary to maintain their claims, or failed to exhaust administrative remedies, said claims may be barred, in whole or in part.

**Thirteenth Affirmative Defense**
**(Intervening Acts)**

Plaintiff and/or any putative class member's claims are barred because of an intervening act or intervening acts by one or more third parties and/or because of a superseding cause.

**Fourteenth Affirmative Defense**
**(Failure to Mitigate)**

Arcadia relies upon the defense of failure to mitigate damages as a complete or partial bar to Plaintiff's and/or any putative class member's claims.

**Fifteenth Affirmative Defense**
**(No Penalties)**

Plaintiff's and/or any purported class member's claims fail to allege facts sufficient to constitute a claim for which attorneys' fees, punitive damages, statutory damages, or costs may be awarded.

**Sixteenth Affirmative Defense**
**(Fraudulent Registration)**

Plaintiff's and/or any putative class member's claims are barred to the extent that they fraudulently registered their purported number with the national do-not-call list or registry.

**Seventeenth Affirmative Defense**
**(No Injunctive Relief Or Damages)**

Plaintiff and/or any putative class members lack standing to bring claims for damages and/or injunctive relief because they have not suffered injuries, have not incurred any harm, and are not entitled to any legal remedy.

**Eighteenth Affirmative Defense**
**(Contribution)**

Plaintiff and/or any putative class member's claims are barred to the extent that Plaintiff's and/or any putative class member's own acts or omissions caused or contributed to their claims.

**Nineteenth Affirmative Defense**
**(Due Process Clause)**

The statutory damages under the TCPA are unconstitutional, in that they constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**Twentieth Affirmative Defense**
**(Waiver/Estoppel/Laches)**

Plaintiff and/or any putative class member's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches, as Plaintiff and/or the putative class members may have, whether through their actions or otherwise, given up their right to assert the claims alleged in the Complaint.

**RESERVATION OF RIGHTS**

Arcadia reserves the right to amend its Answer and/or to assert any additional and/or affirmative defenses as may become available or apparent during this litigation.

WHEREFORE, Arcadia denies that Plaintiff is entitled to any relief and requests, in light of these affirmative and/or additional defenses, that Plaintiff's Class Action Complaint be dismissed in its entirety with prejudice, that judgment be entered in Arcadia's favor, and that Arcadia be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

**Dated: February 5, 2026**                    Respectfully submitted,

                                                ARCADIA POWER, INC.

                                                By:  /s/ *Ryan T. Garippo*
                                                One of Its Attorneys

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
**DUANE MORRIS LLP**
190 South La Salle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
Email: gmaatman@duanemorris.com
Email: jariley@duanemorris.com
Email: rgarippo@duanemorris.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Ryan T. Garippo, an attorney, certify that on February 5, 2026, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System, which served all counsel of record, including:

Jacie C. Zolna
Benjamin R. Swetland
**ZOLNA SWETLAND, LLC**
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Tel: (312) 724-8474
Email: jzolna@zolnaswetland.com
Email: bswetland@zolnaswetland.com

*/s/ Ryan T. Garippo*
Ryan T. Garippo
